IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | CASE NO: 24-31596 |
| | § | (Chapter 11) |
| Debtor. | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Adv. Pro. No. 25-03799 |
| | § | |
| MORRIS BART, LLC, | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6) AND ALTERNATIVE MOTION TO
<u>CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF BANKRUPTCY JUDGE:

COMES NOW, MORRIS BART, LLC ("Morris Bart" or the "Defendant"), and makes this

its Defendant's Motion to Dismiss Plaintiff MMA Law Firm, PLLC's ("MMA" or the "Debtor")

1

Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Alternative Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a), and would show the Court as follows:

<u>**SUMMARY OF RELIEF REQUESTED**</u>

1. MMA's Complaint asserts one cause of action against Morris Bart:

[T]hat Morris Bart Law violated 11 U.S.C. § 362(a)(3) by filing the Motion for Protective Order and the Ex Parte Emergency Motion (collectively, the Ex Parte Louisiana Motions") and sending the First and Second Emails to Magistrate Judge North[.][1]

2. The Motions at issue in MMA's Complaint are a Motion for Protective Order and Motion to Expedite Consideration (collectively, the "EDLA Motions") filed in the matter *Sherry Foskey, et al., v. American Modern Property and Casualty Insurance Company*, No. 2:23-cv-05316-ILRL-MBN (E.D. La.) (hereinafter, the "Foskey Case"), in which Motions Morris Bart sought protection under Fed. R. Civ. P. 26(c)(1), preventing the discovery sought by MMA in Adversary Proceeding 24-ap-3127 (the "Adversary Proceeding") into mediation communications in the Foskey Case made privileged and confidential under Louisiana statute and the Eastern District's Local Rules.[2]

3. The two emails at issue in MMA's Complaint are an October 13, 2025 and October 14, 2025 email from Kerry J. Miller, counsel for Morris Bart, to Judge North's Chambers, ***copying counsel for MMA,*** notifying the Court of MMA's motions, discovery requests, and the related Show Cause Order requiring Morris Bart to divulge the confidential and privileged mediation communications in the Foskey Case, including those with Judge North, who presided over the settlement conference of the Foskey Case.[3]

---

[1] *See* MMA's Complaint, R. Doc. 1, at ¶ 61.
[2] *See* Exhibit B to MMA's Complaint, at R. Doc. 1-2 (Motion for Protective Order and Memorandum in Support); Exhibit C to MMA's Complaint, R. Doc. 1-3 (Motion to Expedite Consideration); *see also* Exhibit 1, Motion for Protective Order with Exhibits.
[3] *See* Exhibit A to MMA's Complaint, at R. Doc. 1-1 (October 13, 2025 Email from Kerry J. Miller); Exhibit B to MMA's Complaint, at R. Doc. 1-4 (October 14, 2025 Email from Kerry J. Miller).

4.   Critically, following Morris Bart's appeal of the Foskey Show Cause Order to the United States District Court for the Southern District of Texas and this Court's Indicative Ruling under Bankruptcy Rule 8008(a) recognizing the appeal in the Adversary Proceeding, Morris Bart filed a Voluntary Motion to Withdraw the Motion for Protective Order and related Motion to Expedite **at 12:47 p.m. on October 31, 2025.**[4] The Motion to Withdraw was granted and ordered withdrawn on November 3, 2025.[5]

5.   Neither MMA nor anyone acting on MMA's behalf made any filings or appearances in the Foskey Case in relation to the Motion for Protective Order, the Motion to Expedite, or Mr. Miller's emails.[6]

6.   ***Subsequent to*** Morris Bart's filing of the Motion to Withdraw the Motion for Protective Order and related Motion to Expedite, MMA's counsel provided counsel for Morris Bart with notice of the filing of the Complaint.[7]

7.   Because no action was taken by the Eastern District with respect to the at issue Motion for Protective Order, Motion to Expedite, or emails, and because MMA did not incur any expenses in relation to those filings, MMA has, in fact, suffered no injury and has no damages.

8.   In addition to the fact that MMA took no action with respect to, and was not affected by, the EDLA Motions or emails, any action Morris Bart allegedly did or did not take with respect to the Foskey Case or any other Eastern District of Louisiana case has no effect on the property of the Debtor's estate.

---

[4] *See* Exhibit 2, Filed Ex Parte Voluntary Motion to Withdraw; Exhibit 3, Notice of Filing of Motion to Withdraw and Motion to Expedite, at 1 ("The following transaction was entered by Miller, Kerry on 10/31/2025 12:47 PM CDT and filed on 10/31/2025").

[5] Exhibit 4, Order Granting Motion to Withdraw; Exhibit 5, Docket in Foskey Case.

[6] *See* Exhibit 5, Docket in Foskey Case.

[7] *See* Exhibit 6, October 31, 2025 Email from Miriam Goott (dated Friday, October 31, 2025, **3:17 PM**); *Compare with* Exhibit 3, Notice of Filing of Motion to Withdraw and Motion to Expedite, at 1 ("The following transaction was entered by Miller, Kerry on 10/31/2025 **12:47 PM CDT** and filed on 10/31/2025" (emphasis added)).

9. Indeed, judges in the Eastern District of Louisiana have entered orders holding that, pre-petition, MMA waived any interest in any fees or costs in any case pending in the Eastern District of Louisiana.[8] Judge Hanen has likewise entered an order acknowledging the same in the Adversary Proceeding,[9] and will soon be issuing an additional, related order in relation to Morris Bart's appeals of various orders in the Adversary Proceeding.[10] Moreover, because MMA disclaimed its interest in claiming fees from Morris Bart in the Eastern District of Louisiana in relation to Morris Bart's declaratory judgment action, MMA is now estopped from claiming otherwise.[11]

10. Because of the Debtor's clear pre-petition waiver of its interest in any fees or costs in the Eastern District of Louisiana, there is no property of the estate involved in the Foskey Case or elsewhere in the Eastern District of Louisiana, and there can be no violation of Section 362(a)(3).

11. Article III of the U.S. Constitution requires a case or controversy to have standing. To have a case or controversy there must be some harm or injury that the plaintiff has suffered. Accordingly, because MMA has not suffered damages in relation to the EDLA Motions or emails, Morris Bart now moves this Court to dismiss MMA's claim against it pursuant to Fed. R. Civ. P.

---

[8] *See Ricks v. Imperial Fire & Cas. Ins. Co.*, No. 23-2844, 2024 WL 1750738, at *3 (E.D. La. Apr. 5, 2024) (also attached as Exhibit 7); *Foskey v. Am. Modern Prop. & Cas. Ins. Co.*, Doc. 21 at p. 10, No. 23-cv-5316 (E.D. La. Dec. 12, 2024) (also attached as Exhibit 8); *In re: Hurricane Ida Claims,* Order Regarding Settlement of Former MMA Cases, available at https://www.laed.uscourts.gov/sites/default/files/pdfs/Order_MMA_Opinions.pdf (last visited December 6, 2025) (also attached as Exhibit 9).

[9] *See MMA Law Firm, PLLC v. Morris Bart, LLC*, 4:24-cv-2793 (S.D. Tex.), at R. Doc. 24 (Order, Hanen, J.) (also attached as Exhibit 10).

[10] *See Morris Bart, LLC v. MMA Law Firm, PLLC*, No. 4:25-cv-4917 (S.D. Tex.), R. Doc. 15 (Order, Hanen, J.) (also attached as Exhibit 11); *Morris Bart, LLC v. MMA Law Firm, PLLC*, No. 4:25-cv-5013 (S.D. Tex.), R. Doc. 15 (Order, Hanen, J.) (also attached as Exhibit 12); *Morris Bart, LLC v. MMA Law Firm, PLLC*, No. 4:25-cv-5576 (S.D. Tex.), R. Doc. 9 (Order, Hanen, J.) (also attached as Exhibit 13).

[11] *See Morris Bart, LLC v. Moseley, Mcclenny and Associates, PLLC*, No. 2:23-cv-01453-LMA-MBN, R. Doc. 16-1 (Memorandum in Support of MMA's Motion to Dismiss), at 13 (also attached as Exhibit 15) ("Morris Bart fails to allege that MMA has, did, or will sue Morris Bart for the recovery of any attorneys' fees potentially owed by non-party clients to MMA."); *id*. at R. Doc. 38 (Order and Reasons, Africk, J.), at 20 (also attached as Exhibit 16) ("Because Morris Bart has not alleged that MMA is imminently trying to seek attorney's fees to which Morris Bart is legally entitled, it has not adequately alleged this type of controversy. . . .  Here, MMA is not threatening Morris Bart with liability.").

4

12(b)(1) as incorporated by Fed. R. Bankr. P. 7012, because the Debtor has no standing to assert the claims.

12. In the alternative, Morris Bart also moves the Court to dismiss MMA's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as incorporated by Fed. R. Bankr. P. 7012.

13. The emails and pleadings providing another court notice of actions taken in the Adversary Proceeding were not actions to obtain or exercise control of property of the estate. Indeed, filing a motion for protective order against a debtor that has served discovery and filed a motion to compel requesting confidential and privileged mediation communications in an adversary proceeding is a *defensive action* that cannot constitute a violation of the automatic stay. The fact that the Motion for Protective Order was filed in a court other than the bankruptcy court in which the Adversary Proceeding is pending does not transform the motion into a violation of the automatic stay. And for this reason as well, MMA's Complaint should be dismissed.

14. Finally, in the further alternative, Morris Bart asks that the Court consolidate this matter with the Adversary Proceeding, 24-ap-3127 (Bankr. S.D. Tex.), *reference withdrawn*, 24-cv-4446 (S.D. Tex.), pursuant to Federal Rule of Civil Procedure 42(a), as the facts and law underlying MMA's Complaint in this matter overlap with the issues being litigated in the Adversary Proceeding.

15. For these reasons as well as those more fully set forth herein, Morris Bart asks that the Court grant its Motion to Dismiss and find that MMA lacks standing to assert the claim set forth in its Complaint or, alternatively, that MMA has failed to state a claim. In the further alternative, Morris Bart respectfully requests that the Court consolidate this matter with the Adversary Proceeding, 24-ap-3127 (Bankr. S.D. Tex.), *reference withdrawn*, 24-cv-4446 (S.D. Tex.). Morris Bart further requests any and all relief the Court deems just and appropriate.

**LAW AND ARGUMENT**

### I. The Debtor does not have Constitutional or prudential standing to bring a claim under 11 U.S.C. § 362(a)(3).

16.     This Court should dismiss MMA's claims for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). Neither MMA nor the Eastern District took any action with respect to the at-issue Motions (the "EDLA Motions") or emails, so these submissions had no effect on MMA or its estate. Moreover, MMA had no interest in any of the fees or costs at issue in the Foskey Case because judges in the Eastern District of Louisiana have held that MMA waived its interest in fees and costs in any case pending in the Eastern District of Louisiana. There simply was no property of the estate at issue and no possible injury in fact suffered in relation to Morris Bart's actions taken in the Foskey Case. Accordingly, there is no case or controversy sufficient to confer standing, and dismissal of MMA's Complaint is appropriate.

17. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[12] Under Federal Rule of Civil Procedure 12(b)(l), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[13] "On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden [of proof]."[14] Courts assessing subject matter jurisdiction under Rule 12(b)(l) may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[15]

---

[12] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).
[13] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[14] *Boudreaux v. La. State Bar Ass'n*, 3 F.4th 748, 753 (5th Cir. 2021).
[15] *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

18. Federal courts are courts of limited jurisdiction.[16] Without jurisdiction conferred by statute or the Constitution, district courts lack the power to adjudicate claims.[17] If a party lacks standing to sue, then there is no "case or controversy" and thus no jurisdiction. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."[18] "When parties lack either statutory or constitutional standing to assert claims, a federal court does not have subject matter jurisdiction to address those claims."[19] In such instances, "the Court must dismiss the claims for lack of subject matter jurisdiction."[20] Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy.[21] For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case, or as Justice Scalia put it – the plaintiffs must be able to sufficiently answer the question: "What's it to you?"[22]

19. U.S. Supreme Court cases have established that the "irreducible constitutional minimum" of standing consists of three elements.[23] The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.[24] The party invoking federal jurisdiction bears the

---

[16] *See* U.S. Const., Art. III, § 2.

[17] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286-87 (5th Cir. 2012); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998).

[18] *Center for Inquiry, Inc. v. Warren*, 845 Fed. App'x 325, 328 (5th Cir. 2021) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

[19] *In re Capco Energy, Inc.*, Bankr. No. 08-32282, Adv. No. 10-3349, 2012 WL 253148, at *2 (Bankr. S.D. Tex. Jan. 25, 2012) (Isgur, J.) (citations omitted).

[20] *Id.*; *see also* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3).

[21] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, (1992); *See, e.g., Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324 (1984).

[22] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 2203 (2021) (citing Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers, 17 Suffolk U. L. Rev. 881, 882 (1983)).

[23] *Lujan,* 504 U.S. at 560.

[24] *Id.,* at 560–561; *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–181, 120 S.Ct. 693 (2000).

burden of establishing these elements.[25]

20. Importantly, a party claiming violation of a bankruptcy stay is not excused from the constitutional standing requirements.[26]

21. To establish injury in fact, a plaintiff must show that it suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[27] For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way."[28] Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be "concrete."[29] A "concrete" injury must be "*de facto* ;" that is, it must actually exist.[30] If the plaintiff has no standing, its claims must be dismissed.

22. MMA lacks standing because it has no injury in fact and has suffered no damages attributable to Morris Bart's submissions to the Eastern District of Louisiana. Indeed, Morris Bart withdrew the Motion for Protective Order and Motion to Expedite *before* it received notice of MMA's Complaint, and the Eastern District did not take any action with respect to those Motions.[31] Likewise, the emails copying counsel for MMA, simply providing notice to the Eastern District of discovery seeking protected information arising out of mediations conducted in that District, have not caused, and are not alleged to have caused, any harm to MMA. Without a concrete and particularized injury of a legally protected interest, MMA has no standing.

---

[25] *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 608 (1990).

[26] *Toyota Motor Credit Corp. v. Brinkley,* No. 3:17-CV-3022-S, 2019 WL 317446, at *3 (N.D. Tex. Jan. 23, 2019) ("[S]o long as the [debtor] satisfies the requirements for constitutional and prudential standing, he has standing to assert a violation of the automatic stay [under 11 U.S.C. § 362(k)]."); *St. Paul Fire & Marine Ins. Co. v. Labuzan,* 579 F.3d 533, 539 (5th Cir. 2009) ("To establish standing pursuant to $362(k)$, the Labuzans are required to meet both constitutional and prudential requirements.").

[27] *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted); *Friends of the Earth, Inc.*, 528 U.S. at 180–181.

[28] *Id.,* n. 1; *see also*, *e.g., DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342, 126 S.Ct. 1854, 1861 (2006).

[29] *Spokeo, Inc.*, 578 U.S. at 339.

[30] *Spokeo, Inc.*, 578 U.S. at 340.

[31] *See* Exhibit 2, Filed Ex Parte Voluntary Motion to Withdraw; Exhibit 3, Notice of Filing of Motion to Withdraw and Motion to Expedite, at 1 ("The following transaction was entered by Miller, Kerry on 10/31/2025 12:47 PM CDT and filed on 10/31/2025"); Exhibit 4, Order Granting Motion to Withdraw; Exhibit 5, Docket in Foskey Case.

23. Moreover, *even if* the Eastern District had entered a ruling with respect to the Foskey Case, MMA would still lack standing to assert violation of the bankruptcy stay because there was no property of the estate at issue in the Foskey Case. Multiple judges in the Eastern District of Louisiana have held that MMA waived any interest in fees and costs in any cases pending in the Eastern District of Louisiana, which includes the Foskey Case.

24. Indeed, on April 5, 2024, prior to MMA's bankruptcy filing, U.S. Magistrate Judge North held in *Ricks v. Imperial Fire & Cas. Ins. Co.*, that "MMA has knowingly and completely waived its rights to intervene or otherwise seek to recover fees and/or costs in . . . any . . . lawsuit pending in this district."[32] That holding was affirmed by U.S. District Judge Sarah Vance.[33]

25. On December 12, 2024, in an order entered in the Foskey Case, Judge North explained that the order in *Ricks* "does not merely limit MMA's rights to file interventions or liens in cases pending here – it unequivocally finds that the Firm waived its rights to seek fees and costs in any way, shape, or form."[34] Thus "[i]t makes no difference" that "MMA reserved its rights to sue successor law firms for damages for breach of contract," because those claims are for damages, not "some non-fungible res that must be embargoed to be protected."[35]

26. Judge North's December Order was further affirmed *en banc* by the Eastern District of Louisiana.[36] In that *en banc* Order, entered on December 19, 2025, Judge Nannette Jolivette Brown, Chief Judge of the Eastern District of Louisiana, wrote:

---

[32] *Ricks v. Imperial Fire & Cas. Ins. Co.*, No. 23-2844, 2024 WL 1750738, at *3 (E.D. La. Apr. 5, 2024) (also attached as Exhibit 7).

[33] 2024 WL 1740172 (E.D. La. Apr. 23, 2024) (Order adopting Report and Recommendations) (also attached as Exhibit 14).

[34] Memorandum Order, *Foskey v. Am. Modern Prop. & Cas. Ins. Co.*, Doc. 21 at p. 10, No. 23-cv-5316 (E.D. La. Dec. 12, 2024) (attached as Exhibit 8) (also filed as Doc. No. 21-1 in *MMA Law Firm, PLLC v. Morris Bart, LLC* No. 24-cv-2793 (S.D. Tex.)).

[35] *Id.*

[36] *In re: Hurricane Ida Claims,* Order Regarding Settlement of Former MMA Cases, December 19, 2024, available at https://www.laed.uscourts.gov/sites/default/files/pdfs/Order_MMA_Opinions.pdf (last visited December 6, 2025) (also attached as Exhibit 9).

The Court recently learned that McClenny, Mosely & Associates ("MMA"), a debtor in bankruptcy in the Bankruptcy Court for the Southern District of Texas, has taken the position in that Court that it is entitled to recover fees and/or costs from its former cases pending in this District. As a result, that Bankruptcy Court has issued numerous Preliminary Injunctions against successor firms requiring those firms to hold in trust a 33.3% attorney's fee and any costs claimed by MMA. These developments have created added difficulties in resolving cases in the Court's Streamlined Settlement Program, because Plaintiffs' firms believe they are bound by the Bankruptcy Court's orders to embargo fees and costs from settlements in this District. They are not.

The Chief Magistrate Judge has issued Orders in two Hurricane Ida cases in this District making clear that MMA voluntarily and knowingly waived and forfeited whatever rights it may have had in fees and/or costs in its former cases in this District before it declared bankruptcy. *See Ricks v. Imperial Fire & Cas. Ins. Co.*, Civ. A. No. 23-cv-02844 (E.D. La.)(rec. doc. 51); *Foskey v. American Modern Property and Casualty Insurance Company*, Civ. A. No. 23-cv-5316 (Dec. 12, 2024)(rec. doc. 21)(link to Orders attached). The Court has held that, because of this pre-petition waiver of rights, no portion of attorneys' fees or costs from cases pending in this District can be considered property of the MMA bankruptcy estate and that the Bankruptcy Court's requirement that successor firms hold such fees and costs in trust is inapplicable to cases pending in this District.

This Order is intended to notify parties, their counsel, and the Court's appointed neutrals that (1) no portion of settlement proceeds is required to be held in trust in this District and (2) insurers should immediately cease insisting on listing MMA as a payee on settlement checks, as that entity has no rights to fees and/or costs in this District by virtue of its knowing and voluntary pre-petition waiver of said rights.[37]

27. Judge Hanen, the district judge presiding over the Adversary Proceeding, held this as well. In his December 19, 2025, Order entered *in the Adversary Proceeding between the Debtor and Morris Bart*, Judge Hanen wrote:

MMA has waived all claims for fees and costs for those cases pending in the Eastern District of Louisiana as of March 15, 2024. MMA, therefore, has no right to any attorney's fees and costs in those cases, unless MMA pursues any contract claims it may have had at that time against another firm. To reach any other result would undermine almost every known principle of jurisprudence. Moreover, it would promote dishonesty toward the judiciary, forum shopping, and

---

[37] *Id*. at 1-2.

10

encourage members of the legal profession to renege on their representations to a court if they believe reversing course might be profitable.[38]

28. Even before the *Ricks* order, MMA disclaimed its interest in seeking to recover fees and costs from Morris Bart to obtain dismissal of Morris Bart's claim for a declaration that MMA was not entitled to fees in former MMA cases.[39]

29. There can be no possible violation of Section 362(a)(3) where there was no property of the estate at issue in the Foskey Case. Accordingly, Morris Bart's filings in the Foskey Case, as pleaded in MMA's Complaint, could not have caused harm or injury to MMA under Section 362(a)(3).

30. MMA has no standing to bring claims for violation of section 362(a)(3), because the EDLA Motions and emails did not result in any redressable injury or damages to MMA, and even assuming MMA and/or the Eastern District had taken action with respect to Morris Bart's filings in the Foskey Case, MMA's waiver of any interest in Eastern District cases precludes any argument by MMA that property of the estate could have bene affected.

31. Without harm or injury, there simply is no case or controversy. Without a case or controversy, there is no standing. Morris Bart's Motion to Dismiss should be granted.

## II.   **Alternatively, MMA has failed to state a claim for which relief can be granted.**

### A.   **MMA has not met its burden under Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6).**

32. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40] In deciding a Rule 12(b)(6) motion, courts accept all well-pleaded

---

[38] *See MMA Law Firm, PLLC v. Morris Bart, LLC*, 4:24-cv-2793 (S.D. Tex.), at R. Doc. 24, at 3-4 (Order, Hanen, J.) (also attached as Exhibit 10).

[39] The Debtor argued in its motion to dismiss under Rule 12(b)(1) that "Morris Bart fails to allege that MMA has, did, or will sue Morris Bart for the recovery of any attorneys' fees potentially owed by non-party clients to MMA." *Morris Bart, LLC v. MMA Law Firm, PLLC*, C.A. No. 2:23-cv-1453-LMA-MBN, R. Doc. 16, at p. 13 (E.D. La. July 3, 2023).

[40] Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 12(b)(6).

facts as true viewing them in the light most favorable to the plaintiff.[41] However, courts cannot accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[42] To avoid dismissal, the pleadings must show specific, well-pleaded facts, not merely conclusory allegations.[43] "A formulaic recitation of the elements of a cause of action will not do."[44] A complaint is insufficient if it "tenders naked assertion[s] devoid of further factual enhancement."[45] The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct."[46] While this standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[47]

33. Although MMA makes numerous factual allegations in paragraphs 8 – 63 of its Complaint, only paragraphs 54 – 60 relate to the single cause of action alleging violations of the automatic stay. Those factual allegations are the only allegations that should be considered in determining whether MMA has pleaded a claim upon which relief may be granted.

**B. Emails sent by Morris Bart's Counsel to U.S. Magistrate Judge North did not constitute a violation of 11 U.S.C. § 362(a)(3) as a matter of law, because they were only notices of bankruptcy proceedings, not actions to obtain or control property of the Debtor's estate.**

34. MMA's sole cause of action is one for violation of the automatic stay. MMA alleges that Morris Bart's emails to Judge North informing him of the bankruptcy court's show cause order and its motion for protective order filed in the Eastern District of Louisiana constitute violations of the automatic stay. These actions do not constitute violations of the automatic stay as a matter of law.

---

[41] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[42] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[43] *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).
[44] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).
[45] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557.
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009).
[47] *Ashcroft*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

35. The emails to Judge North were not violations of the automatic stay because they were not actions taken against MMA or its property. These two emails simply provided Judge North, the U.S. Magistrate Judge presiding over the Foskey Case, notice of the discovery and pleadings served and filed relating to the mediation communications in that case. In the first email, Morris Bart's counsel Kerry Miller provided Judge North with copies of MMA's second interrogatories that requested the information concerning the mediation, MMA's motion for the show cause order, and this Court's order setting the show cause hearing. That email reads:

---

**matters related to Foskey et al v. American Modern Property and Casualty Ins. Co., 23-5316 USDC ED LA**

---

Miller, Kerry <kmiller@fishmanhaygood.com>                                         Mon, Oct 13, 2025 at 4:37 PM
To: "efile-north@laed.uscourts.gov" <efile-north@laed.uscourts.gov>
Cc: "Bergeron, Monica" <mbergeron@fishmanhaygood.com>, Matthew Probus <matthewprobus@theprobuslawfirm.com>,
"mgoott@walkerandpatterson.com" <mgoott@walkerandpatterson.com>, "jjp@walkerandpatterson.com"
<jjp@walkerandpatterson.com>

Dear Judge North – For your information, I am attaching a motion, order and discovery from the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596, that directly involve settlement proceedings that Your Honor presided over in the subject case pending in the United States District Court for the Eastern District of Louisiana. I have open copied all counsel of record involved in the Southern District of Texas Bankruptcy case to this email.


Respectfully submitted,


Kerry Miller


**Kerry Miller**
kmiller@fishmanhaygood.com

There is nothing in this email that purports to take any action against MMA or its property.

36. After Mr. Miller sent this email, MMA filed its Emergency Motion to Compel Production against Morris Bart, LLC. The next morning, Mr. Miller sent an email to Judge North providing him with a copy of the just-filed Emergency Motion. That email reads:

13

---

**MMA Emergency Motion**

---

Miller, Kerry <kmiller@fishmanhaygood.com>                    Tue, Oct 14, 2025 at 9:20 AM
To: "efile-north@laed.uscourts.gov" <efile-north@laed.uscourts.gov>
Cc: "mgoott@walkerandpatterson.com" <mgoott@walkerandpatterson.com>, "jjp@walkerandpatterson.com"
<jjp@walkerandpatterson.com>, Matthew Probus <matthewprobus@theprobuslawfirm.com>, "Bergeron, Monica"
<mbergeron@fishmanhaygood.com>

Dear Judge North – Last night, after my email apprising your Chambers of developments that pertain to privileged
settlement conferences in the Eastern District of Louisiana, counsel (copied above) filed an Emergency Motion to Compel
privileged settlement conference information in the Southern District of Texas Bankruptcy Court. My October 13 email to
your Chambers is attached as Exhibit N to the Emergency Motion to Compel. The Motion and exhibits are attached
hereto.

Respectfully Submitted

Kerry Miller

There is nothing in this email that purports to take any action against MMA or its property. Further, Mr. Miller copied MMA's counsel on both emails. There was nothing secretive or surreptitious about this correspondence, and Morris Bart sought no action against MMA or its property.

37. These emails simply cannot constitute violations of the automatic stay as a matter of law. MMA's only cause of action in the Complaint is an alleged violation of Section 362(a)(3). Section 362(a)(3) prohibits "any act to obtain possession of property of the estate or to exercise control over property of the estate."[48] Mr. Miller's simple notice to Judge North of the actions occurring in the adversary proceeding pertaining to the Foskey Case and specifically requesting disclosure of privileged communications with Judge North was not such an action. The notice related only to MMA's attempt to obtain confidential mediation communications and had nothing to do with obtaining possession or control of any alleged interest MMA could have in the fee interest in the Foskey Case. Accordingly, Section 362(a)(3) was not violated, and MMA has failed to plead a cause of action upon which relief can be granted.

---

[48] 11 U.S.C. § 362(a)(3).

14

**C. Morris Bart's Motion for Protective Order filed in U.S. Magistrate Judge North's court seeking protection from the Debtor's offensive action taken against Morris Bart in Adv. Pro. 24-3127 did not constitute a violation of 11 U.S.C. § 362(a)(3) as a matter of law.**

38. Morris Bart's Motion for Protective Order and Motion to Expedite filed in the Foskey Case before Judge North likewise fail to create a stay violation. These Motions were defensive actions necessitated by MMA's offensive action in the Adversary Proceeding—specifically, actions taken in response to the MMA's discovery requests and motions calling for the production of confidential mediation communications. A defensive action taken in response to a debtor's offensive action in litigation does not constitute a violation of the automatic stay.

39. The purpose of the automatic stay is to give the debtor a breathing spell from creditors, to avert a race by the creditors to the debtor's assets, and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.[49] The protections for the debtor under the automatic stay "operate as a shield, not a sword."[50]

40. This means that the automatic stay does not apply when "the debtor is in an offensive posture; the automatic stay only operates in actions where the debtor is in a defensive posture."[51] The Ninth Circuit explained the reasoning for this limitation:

> Given this freedom for the debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint. The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.[52]

Thus, the automatic stay "does not prevent entities against whom the debtor proceeds in an

---

[49] *Borman v. Raymark Industries, Inc.,* 946 F.2d 1031, 1033 (3rd Cir. 1991).
[50] *Matter of U.S. Abatement Corp.*, 152 B.R. 78, 80 (Bankr. E.D. La. 1993), *aff'd*, 39 F.3d 563 (5th Cir. 1994) (quoting *Merchants & Farmers Bank v. Hill*, 122 B.R. 539, 546 (D. Ark. 1990).
[51] *Id.* (citing *Boone v. Beacon Building Corp.*, 613 F.Supp. 1151 (D.N.J. 1985); *In re Bona*, 110 B.R. 1012 (Bankr. S.D.N.Y. 1990)).
[52] *In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994).

offensive posture—for example, by initiating a judicial or adversarial proceeding—from 'protecting their legal rights.'"[53] "Bankruptcy courts, therefore, differentiate between actions for affirmative relief against the debtor's estate, which are stayed, and defensive actions, which are not."[54]

41. Here, Morris Bart's action of filing the motion for protective order was a defensive action to protect its own legal rights. The motion was "reactive to the offensive action" of MMA's service of the discovery on Morris Bart.[55] MMA should not be permitted to benefit by serving discovery and issuing subpoenas and then relying on the automatic stay to protect them from the Morris Bart's procedural actions to respond and defend itself from the discovery.

42. MMA's argument that the motion for protective order violated section 362(a)(3), which prohibits any act to obtain possession of property of or from the estate or to exercise control over property of the estate, fails for the additional reason that the Motion for Protective Order related only to post-petition conduct. As the Ninth Circuit Bankruptcy Appellate Panel explained in *In re Miller*, a party can pursue and obtain a monetary judgment against the debtor's estate for the debtor's post-petition conduct without seeking relief from the automatic stay, but they cannot collect on the judgment until seeking relief from the stay.[56] Here, Morris Bart did not seek a

---

[53] *In re Fin. News Network Inc.*, 158 B.R. 570, 573 (S.D.N.Y. 1993) (quoting *Martin–Trigona v. Champion Federal Savings and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989); *see also In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (The stay does not prevent "a defendant from protecting its interests against claims brought by the debtor.").

[54] *Id.* (finding that objection to proof of claim filed in a forum outside the underlying bankruptcy was not offensive action violative of bankruptcy stay but rather defensive action appropriately asserted to protect the party's own legal rights).

[55] *See Matter of U.S. Abatement Corp.*, 152 B.R. at 80 (finding that filing of motion for summary judgment on debtor's counterclaim was defensive, taken in reaction to the debtor's offensive action); *see also In re White*, 186 B.R. 700, 704 (9th Cir. 1995) (stay did not apply to motion to dismiss Debtor's complaint because "the primary purpose of § 362 is not applicable to offensive actions by the debtor in possession or bankruptcy trustee"); *In re Merrick*, 175 B.R. 333 (9th Cir. 1994) (same); *In re Bryner*, 425 B.R. 601, 608 (B.A.P. 10th Cir. 2010) ("Principles of equity dictate that we not keep the [defendants] from defending themselves while [the Debtor] continues the litigation.").

[56] *In re Miller*, 262 B.R. 499, 507 (9th Cir. 2011) ("The subpoenas were issued post-petition, and Debtor's actions in ignoring the subpoenas occurred post-petition. ***Because Appellants' request for sanctions arose from Debtor's post-petition conduct, Baker did not violate the automatic stay.***" (emphasis added)) (citing *Bellini Imports, Ltd. v. Mason*

monetary judgment or other determination of property of MMA's bankruptcy estate through its Motion for Protective Order, but even if it had, Morris Bart would still have been permitted to proceed with the Motion, so long as Morris Bart did not actually seek to collect on any monetary judgment before seeking relief from the stay.[57] The mere *filing* of the Motion for Protective Order did not violate the automatic stay.

43. Had Morris Bart filed the Motion for Protective Order in this Court, there would be no question that the Motion is not a violation of the automatic stay. The mere fact that the Motion was filed in the Eastern District of Louisiana in the very case involving the at-issue mediation communications did not transform the defensive procedural motion into a violation of the automatic stay. MMA's arguments to the contrary are without support, and the Motion to Dismiss should be granted.

### III. <u>In the Alternative, this matter should be consolidated with the Adversary Proceeding.</u>

44. Finally, and in the further alternative, Morris Bart asks that the Court consolidate this matter with the Adversary Proceeding, 24-ap-3127 (Bankr. S.D. Tex), *reference withdrawn*, 24-cv-4446 (S.D. Tex.), pending before this Court, pursuant to Federal Rule of Civil Procedure 42(a).

45. Federal Rule of Civil Procedure 42(a) provides that, "If actions before the court involve

---

*and Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir.1991) (automatic stay does not apply to actions arising post-petition); *Montclair Property Owners Assn., Inc. v. Reynard (In re Reynard)*, 250 B.R. 241, 244–45 (Bankr. E.D. Va. 2000) (automatic stay does not prevent commencement of an action to collect a post-petition debt so long as property of estate is not pursued); *In re Henline*, 242 B.R. 459, 467 (Bankr. D. Minn. 1999)); *id*. at 507-8 ("Debtor argues that by filing the Motion to Compel and requesting sanctions, Appellants violated section 362(a)(3), which prohibits any act to obtain possession of property of or from the estate or to exercise control over property of the estate. Debtor is incorrect. As noted above, Appellants could pursue and obtain a monetary judgment (i.e., sanctions award) based on Debtor's post-petition conduct without seeking relief from the automatic stay. Appellants, however, could not (and did not) attempt to collect such a judgment from estate property without obtaining relief from the stay. . . . Here, Appellants were merely seeking to obtain a sanctions award based on Debtor's post-petition conduct; they were not attempting to recover such sanctions from estate property. Section 362(a)(3) is thus inapplicable." (citations omitted)).
[57] The fact that Morris Bart asked for sanctions in its Motion does not change this analysis. *See Sabre Group, Inc. v. European American Travel, Inc.,* 192 F.3d 126 (N.D. Tex. 1999) (per curiam) (collecting cases holding that orders imposing sanctions are exempt from the automatic stay).

a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "This rule provides district courts with broad discretion in determining whether two or more actions have common questions of law and fact and whether to consolidate."[58] "Consolidation is not precluded by the existence of some questions that are not common to both actions."[59]

46.  Courts determining the appropriateness of consolidation should consider whether:

> (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.[60]

47. Here, consolidation is appropriate because: all pretrial matters in the Adversary Proceeding have been referred to this Court;[61] the parties are identical; the parties have spent considerable time and resources litigating the relevance, if any, of any actions or inactions taken by Morris Bart in the Foskey Case to the bankruptcy stay or the Preliminary Injunction in the Adversary Proceeding;[62] there is no risk of prejudice or confusion from consolidation as the relevance of the Foskey Case is already being litigated in the Adversary Proceeding; and, because common facts and legal issues are being litigated in the Adversary Proceeding, consolidation will conserve judicial resources and costs.

48. Further emphasizing the overlap between MMA's Complaint and the Adversary

---

[58] *See PEMEX Exploración y Producción v. BASF Corp.,* No. CV H-10-1997, 2011 WL 13134611, at *2 (S.D. Tex. Oct. 4, 2011) (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761–62 (5th Cir. 1989)).
[59] *See id.* (citing *Botazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981)).
[60] *See id.* (citing *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civil Action Nos. H–01–3624, H–04–0088, H–04–0087, H–03–5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)).
[61]  Civil Action 4:24-cv-4446 (S.D. Tex.), R. Doc. 21.
[62] *See generally,* Exhibits 11-13 (Judge Hanen Orders in Adversary Proceeding).

Proceeding, MMA spends the first seven pages of its Complaint detailing the procedural history of the Adversary Proceeding and the alleged relationship between that matter and the Foskey Case.[63] Moreover, the at-issue Motions and emails filed in the Foskey Case were submitted to the Eastern District because of the discovery and motions directed to Morris Bart in the Adversary Proceeding.[64]

49.   Finally, and critically, Judge Hanen has now issued a ruling on appeal from various Orders in the Adversary Proceeding staying all discovery related to the Foskey Case and any other Eastern District cases pending his final ruling as to whether MMA waived its right to seek fees and costs from Morris Bart in relation to Eastern District cases and, consequently, whether the Eastern District cases have any relevance to MMA's claims, including whether Morris Bart's alleged actions or inactions in the Foskey Case **"violated the Bankruptcy Court's Preliminary Injunction and/or bankruptcy stay."**[65]

50.   Both the facts and law underlying MMA's claims in this action substantially overlap with those at issue in the Adversary Proceeding, and a ruling by Judge Hanen in the Adversary Proceeding that MMA has waived its rights to fees and costs in the Eastern District of Louisiana will necessarily compel a finding—in addition to the reasons already set forth—that Morris Bart's actions made the basis of MMA's Complaint did not violate the automatic stay.

### IV.  Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant MORRIS BART, LLC respectfully requests that this Court grant this Motion and dismiss MMA LAW FIRM, PLLC's

---

[63] *See* MMA's Complaint, R. Doc. 1, at 1-7.

[64] *See generally*, Exhibit 1, Motion for Protective Order with Exhibits.

[65] *See* Case No. 4:25-cv-04917 (S.D. Tex.), at R. Doc. 15, at 2-3 (also attached as Exhibit 11); Case No. 4:25-cv-05576 (S.D. Tex.), at R. Doc. 9 (also attached as Exhibit 13); Case No. 4:25-cv-05013 (S.D. Tex.), at R. Doc. 15 (also attached as Exhibit 12).

claims with prejudice. Alternatively, MORRIS BART, LLC respectfully asks that this matter be consolidated with the Adversary Proceeding, 24-ap-3127 (Bankr. S.D. Tex.), *reference withdrawn*, 24-cv-4446 (S.D. Tex.).

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
      **Matthew B. Probus**
      Attorney in Charge
      State Bar No. 16341200
      Fed. I.D. No. 10915
      matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

**FISHMAN HAYGOOD, L.L.P.**
Tristan Manthey
Tex. Bar No. 24042731
Cherie Dessaur Nobles, *pro hac vice*
Rebekka C. Veith, *pro hac vice*
Kerry J. Miller, *pro hac vice*
Monica L. Bergeron, *pro hac vice*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
cnobles@fishmanhaygood.com
rveith@fishmanhaygood.com
kmiller@fishmanhaygood.com
mbergeron@fishmanhaygood.com

*COUNSEL FOR DEFENDANT,*
*MORRIS BART, LLC*

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2025, a true and correct copy of the foregoing has been served on all parties electronically via the CM/ECF filing system and by electronic mail to counsel for MMA.

*/s/ Matthew B. Probus*